## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITTNI MOTYKA, STEVEN NADEAU, and RINA LOSHAJ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEL FRISCO'S OF NEW YORK, LLC, JOHN DOE 1 through 10, and ABC CO. 1 through 10<br><br>Defendants. | Civil Action No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND** |

Brittni Motyka, Steven Robert Nadeau, and Rina Loshaj (collectively the "Named Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, The Law Offices of Thomas H. Andrykovitz, P.C., respectfully allege the following against Del Frisco's of New York, LLC:

### PRELIMINARY STATEMENT

1.      This is a collective and class action brought by the Named Plaintiffs on behalf of themselves and the members of the proposed collective and class, as defined below (collectively "Plaintiffs") who work or have worked for Del Frisco's of New York, LLC.

2.      This lawsuit seeks to recover minimum wages, overtime compensation, misappropriated tips, and other damages for Plaintiffs, who worked at Del Frisco's Double Eagle Steakhouse located at 1221 Avenue of the Americas, New York, NY 10020.

3.      Defendants required Plaintiffs to perform non-tip producing side work, including, but not limited to, general cleaning of the restaurant, stocking and cleaning services areas, and moving rented furniture, for more than two (2) hours and/or 20% of their shifts.

4.      Defendants required Plaintiffs to work off the clock by requiring Plaintiffs to start working before their scheduled shifts while not allowing Plaintiffs to clock-in until their shifts were scheduled to begin.

5.      Throughout Plaintiffs' employment, Defendants also maintained a policy and practice whereby Plaintiffs were not paid the appropriate premium overtime pay for hours worked in excess of forty (40) in a single week.

6.      Defendants willfully and intentionally committed widespread violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law ("NYLL") by engaging in a pattern and practice of intentionally failing to pay Plaintiffs for each hour worked, including overtime.  Defendants willfully and intentionally failed to record all the time that Plaintiffs worked, including time worked in excess of forty (40) hours per week, as part of their illegal policy.  Plaintiffs allege, pursuant to the FLSA, that they are entitled to recover from Defendants: unpaid wages, unpaid overtime, liquidated damages, pre-judgement and post-judgement interest, and attorneys' fees and costs.

7.      Plaintiffs further allege, pursuant to the NYLL, that they are entitled to recover from Defendants: unpaid wages, including spread of hours, unpaid overtime, liquidated damages, up to five thousand dollars ($5,000.00) for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, up to five thousand dollars ($5,000.00) for Defendants' failure to provide paystubs that accurately and truthfully listed Plaintiffs' hours and other legally required information, nine percent (9%) simple pre-judgement interest as provided by the New York Civil Practice Law and Rules ("CPLR") N.Y.C.P.L.R. § 5004, post-judgement interest, and attorneys' fees and costs.

**JURISDICTION AND VENUE**

8.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA.  This Court has supplemental jurisdiction over Plaintiffs' claims under the New York Labor Law ("NYLL"), as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in this District because Defendants conduct business in this District and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

10.     BRITTNI MOTYKA ("Plaintiff Motyka") is an adult resident of the State of New York.

11.     Plaintiff Motyka was employed by Defendants from July 2021 to March 2023.

12.     Plaintiff Motyka was initially hired as a bartender in July 2021.

13.     Plaintiff Motyka transitioned to a server position soon after being hired.

14.     Plaintiff Motyka's primary duties constituted service work, i.e., taking customers' orders and ensuring a satisfactory customer experience.

15.     STEVEN ROBERT NADEAU ("Plaintiff Nadeau") is an adult resident of the State of New York.

16.     Plaintiff Nadeau was employed by Defendants, as a fulltime server, from October of 2021 until March 1, 2024.

17.     Plaintiff Nadeau's primary duties constituted service work, i.e., taking customers' orders and ensuring a satisfactory customer experience.

18.     RINA LOSHAJ ("Plaintiff Loshaj") is an adult resident of the State of New York.

19.    Plaintiff Loshaj was employed by Defendants, as a fulltime server, from September of 2021 until March of 2024.

20.    Plaintiff Loshaj's primary duties constituted service work, i.e., taking customers' orders and ensuring a satisfactory customer experience.

21.    DEL FRISCO'S OF NEW YORK, LLC ("Defendant Del Frisco's") is a limited liability corporation and is registered with the New York Department of State Division of Corporations. It operates a restaurant located at 1221 6th Avenue, New York, NY 10020.

22.    Defendant Del Frisco's is an employer as defined by the FLSA (29 U.S.C. § 203(d)), with its principal place of business within the District of New York.

23.    Upon information and belief, Defendant Del Frisco's purchased and handled goods moved in interstate commerce.

24.    Upon information and belief, Defendant Del Frisco's, at all relevant times, has a gross volume of sales in excess of $500,000.00 per year.

25.    Defendant JOHN DOES 1 through 10 are fictitiously named defendants, the identities of which are unknown at present, but who are liable to Plaintiffs by reason of their knowing and joint participation in the conduct that damaged Plaintiffs, and who aided and abetted, ratified, authorized, acquiesced in, approved, or condoned the misconduct complained of in this complaint, and specifically, includes all individuals who participated in the illegal conduct referred to herein and/or who engaged in intentional and/or reckless, extreme, and outrageous conduct, which caused Plaintiffs harm.

26.    Defendants ABC CO. 1 through 10 are fictitious entities, the identities of which are unknown at present, but that are liable to Plaintiffs by reason of their knowing and joint

participation in the conduct that damaged Plaintiffs, pursuant to the doctrine of *respondeat superior*, or that are otherwise responsible to Plaintiffs for the wrongful conduct referred to herein.

27.    At all relevant times, Defendant Del Frisco's, Defendants John Does 1 through 10, and Defendants ABC CO. 1 through 10 (collectively referred to as "Defendants") were, and continue to be, each an enterprise engaged in commerce within the meaning of the FLSA.

28.    At all relevant times to this action, Defendants were employers within the meaning of the FLSA and the NYLL because they exercised sufficient control of Defendant Del Frisco's day-to-day operations to be consider employers of Plaintiffs.

29.    At all relevant times herein, Defendants were, and continue to be, single and joint employers and have had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes, and interrelated business goals.

30.    Defendants are jointly and severally liable.

## COLLECTIVE ACTION ALLEGATIONS

31.    The Named Plaintiffs bring Counts One & Two as a collective action to recover minimum wage, overtime compensation, and liquidated damages from Defendants under the applicable provisions of the FLSA, 29 U.S.C. §216(b), on their own behalf as well as on behalf of those in the following collective: all non-exempt employees of Defendants on or after three (3) years before the date this lawsuit is filed.

32.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate the Named Plaintiffs and the putative FLSA Collective Members ("Collective Members").

33.     Consistent with Defendants' policy and pattern or practice, the Named Plaintiffs and the Collective Members have not been paid complete minimum wage or premium overtime compensation for hours worked beyond forty (40) in any single work week.

34.     The Named Plaintiffs and the Collective Members have performed tasks which were assigned to them by Defendants, and/or Defendants have been aware of all of the work that they have performed and have suffered and permitted them to perform all such tasks.

35.     Defendants exercised sufficient supervision, direction, and control over the Named Plaintiff and Collective Members by, *inter alia*, (1) assigning them job duties and responsibilities; and (2) controlling all of the terms and conditions of their employment, including their hours and their compensation, as well as policies and practices they were required to follow.

36.     As part of their regular business practices, Defendants have intentionally imposed unlawful policies and practices upon the Named Plaintiffs and the Collective Members, which include, but are not limited to:

    a.  Willfully failing to record all of the time that they have worked for the benefit of the Defendants; and

    b.  Willfully failing to pay them premium overtime wages for all hours worked in excess of 40 hours per workweek.

37.     Defendants' unlawful conduct pled herein constitutes a common policy and practice enacted across all of these entities of minimizing labor costs by failing to properly compensate the Named Plaintiffs and the Collective Members for the regular and overtime hours they have worked.

38.     Defendants are aware or should have been aware that federal law required them to pay the Named Plaintiffs and the Collective Members regular wages and overtime premiums for all hours worked in excess of forty (40) per workweek.

39.     The Named Plaintiffs and the Collective Members perform or performed the same or similar primary duties.

40.     Defendants' unlawful conduct has been systematic, widespread, repeated, and consistent, more fully described below.

41.     There are many similarly situated current and former employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

42.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

43.     The Named Plaintiffs bring Counts Three through Seven, individually, and as representatives of a class, under Rule 23 of the Federal Rules of Civil Procedure, consisting of all non-exempt employees of Defendants within six (6) years before the date this lawsuit is filed.

44.     The members of the Rule 23 Class are so numerous that joinder of all Members is impracticable.  Upon information and belief, the size of the Rule 23 Class is over thirty (30) individuals.  Although the precise number of such employees is unknown, the data necessary to ascertain this with precision is within the exclusive possession and control of the Defendants.

45.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Rule 23 Classes as a whole.

46.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.   Whether Defendants unlawfully required Plaintiffs and the Rule 23 Class to work off-the-clock, thereby denying them minimum wage overtime premiums under the NYLL;

    b.   Whether Defendants unlawfully reduced the number of hours Plaintiffs and the Rule 23 Class worked in Defendants' own payroll system;

    c.   Whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked;

    d.   Whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for spread-of-hours pay when the length of their workday was greater than ten (10) hours;

    e.   Whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for all hours work in excess of forty (40) in a single workweek;

    f.   Whether Defendants failed to keep true and accurate time and pay records for all hours worked by the Plaintiff and the Rule 23 Class;

    g.   Whether Defendants failed to furnish the Plaintiff and the Rule 23 Class with annual wage notices, as required by the NYLL;

h. Whether Defendants failed to furnish the Plaintiffs and the Rule 23 Class with proper wage statements with every payment of wages, as required by the NYLL;

i. Whether Defendants' policy of failing to properly pay Plaintiffs and the Rule 23 Class was instituted willfully or with reckless disregard of the law; and

j. The nature and extent of class-wide injury and the measure of damages for those injuries.

47. The claims of the Named Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Named Plaintiffs and all of the Rule 23 Class Members work, or have worked, for Defendants as servers, bussers, bartenders, food runners, and bussers. The Named Plaintiffs and the Rule 23 Class Members enjoy the same statutory rights under the NYLL, including the right to be appropriately compensated for all hours worked, to be paid overtime compensation, and to receive legally required wage notices. The Named Plaintiffs and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Named Plaintiffs and the Rule 23 Class Members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct.

48. The Named Plaintiffs will fairly and adequately represent and protect the interests of the Members of the Rule 23 Class; they understand that as Class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately; they recognize that as Class representative, they must represent and consider the interests of the Class just as they would represent and consider their own interests; they understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Class; they recognize that any resolution of a Class action must be in the best interests

9

of the Class; and they understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with Class counsel, and testify at depositions and/or trial.  The Named Plaintiffs have retained counsel competent and experienced in complex Class actions and employment litigation.  There is no conflict between the Named Plaintiffs and the Rule 23 Class Members.

49.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The Members of the Rule 23 Class have been damaged and are entitled to recovery because of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden that this litigation will require.  The individually Named Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to vigorously prosecute a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgements with respect to Defendants' practices.

50.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FACTUAL ALLEGATIONS

51.     Defendants committed the following acts knowingly, intentionally, and willfully.

52.     Based on the information preliminarily available, and subject to discovery in this case, Defendants did not compensate Plaintiffs for all of their worktime.

53.     Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA and the NYLL, as described in this Complaint.

54.    At all relevant times, Plaintiffs were performing their duties for the benefit of and on behalf of Defendants.

55.    At all relevant times, Defendants were aware of the provisions of the FLSA, and the NYLL.

56.    At all relevant times, Travis Camesi was Defendants' general manager, and created, managed, oversaw, and was ultimately responsible for the personnel policies of Defendant Del Frisco's, including the compensation policies that injured Plaintiffs and all similarly situated employees.

57.    Defendants knew that the nonpayment of wages would injure Plaintiffs and violate state and federal law.

58.    Upon information and belief, Defendants failed to obtain signed acknowledgments from Plaintiffs describing their hourly wage, overtime wage, and pay schedule.

59.    At all relevant times, the work schedules of Plaintiffs were determined and set by Defendants.

60.    Defendants did not track and record all of Plaintiffs' "time worked."  Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

61.    Defendants did not compensate Plaintiffs for the worktime that Defendants failed to track and record.  In other words, Defendants did not pay Plaintiffs for all of their "time worked."

62.    Plaintiffs' paystubs do not reflect all of Plaintiffs' worktime.

63.    Defendants knew that Plaintiffs were not compensated for all of their worktime.

64.    Defendants typically issued Plaintiffs' work schedules one (1) week in advance through the "Hotschedules" app.

11

65.    Plaintiffs clocked into (and out of) their shifts by using a swipe card at various POS computers throughout the restaurant.

66.    At all times relevant, the computers did not permit Plaintiffs to clock-in to their shifts before Plaintiffs' shifts were scheduled to begin.  This had the direct effect of forcing Plaintiffs to work off-the-clock without compensation.  For example, Plaintiff Loshaj was forced to work without compensation when she was scheduled to setup the restaurant early in the morning (which involved stocking ice in various service stations, setting up the bar, assembling and stationing trash bins, and other side work). She was unable to clock-in because there were no managers on duty, or a manager was not available, to override the computer and allow her to clock-in before the start of her scheduled shift.

67.    This problem was amplified by the fact that the computers that governed Plaintiffs' ability to clock-in operated with an internal clock that was always set behind the actual time.  In other words, the computer would not allow Plaintiffs to clock-in until after their shift was scheduled to begin.

68.    At all times relevant, Defendants directed Plaintiffs, through Camesi and other managers, not to clock-in until they were ready for tables.  For example, Defendants instructed Plaintiff Loshaj, and others, not to clock-in until they were ready to perform service because the staff was not permitted to don their uniforms while they were clocked-in.

69.    At all times relevant, Plaintiffs were frequently required to work without clocking-in because Defendants began seating Plaintiffs' sections before the start of their shifts.  For example, on December 27, 2023, Plaintiff Nadeau was sat with a party of five (5) and required to work before he was permitted to clock in for his shift.

70.    Defendants' managers encouraged Plaintiff Loshaj, and others, to work off-the-clock or perform non-service work. Defendants' managers referred to these unpaid assignments as "favors." Plaintiffs were not compensated with shift pay for these favors when they were asked to perform them while they were on the clock.

71.    On Valentine's Day, Thanksgiving, and other holidays during the liability period, Plaintiffs were required to work without a break and perform non-tip-producing, non-service work for which they received less than the minimum wage. For example, Plaintiffs were required to move, set up, and arrange rented tables to increase the capacity of the restaurant for Valentine's Day. At the end of the Valentine's Day shift, Plaintiffs were required to move the rented tables and clean the restaurant from about 11:30pm until about 2:30am. There were no customers in the restaurant at this time.

72.    Approximately one (1) night a month is considered "Bug Night," during which Plaintiffs were required to stay after the restaurant closed and get the restaurant ready for the exterminator. Plaintiffs were required to work without a break and perform non-tip-producing, non-service work for which they received less than the minimum wage. For example, at least one night per month, Plaintiff Loshaj was required to perform hours of non-service work preparing the restaurant for the restaurant's monthly exterminator visit.

73.    After a serving shift ended, Plaintiffs were required to tip out the bussers, bartenders and food runners that worked during their shifts.

74.    Plaintiffs spent many shifts assigned to work private events in the cellar of the Restaurant.

75.    Plaintiff Nadeau worked approximately one (1) private event per week in the basement with Plaintiff Motyka and Plaintiff Loshaj.

76.     Around four (4) to five (5) servers, including Plaintiffs, would work special events and would designate one of the servers as a bartender.

77.     The remaining servers would assist with making drinks at the cellar bar.

78.     A busser would be assigned to work the private event in the cellar.

79.     After a private event, Plaintiffs were required by Defendants to tip out bartenders, bussers and food runners that did not work the private event in the cellar.

80.     On or around November 2022, Travis Camesi approached Plaintiff Motyka about creating specialty cocktails for the Restaurant.

81.     Camesi offered to pay Plaintiff Motyka for her worktime spent making the specialty cocktail recipes.

82.     Camesi offered to pay Plaintiff Motyka with an American Express gift card. Plaintiff was never paid.

83.     Plaintiff Motyka followed up with Camesi about her compensation.  His response was that he was working on it.

84.     Plaintiff Motyka spent sixty (60) hours on research and development on the specialty cocktails for Defendants.  She was never compensated for this time.

85.     Plaintiff Motyka hosted tastings on two occasions.  She worked six (6) hours for the setup, execution and cleanup of the presentations.

86.     Plaintiff Motyka spent $50 dollars of her own money on products for the tasting presentations.  Plaintiff was never reimbursed.

87.     In November 2022, Plaintiff Motyka had emergency surgery which caused her to miss a few weeks of work.

88.     When Plaintiff Motyka returned in December 2022, and was cleared medically to do full service, Defendants scheduled Plaintiff to assist the event coordinator on the phone in the reservation office.

89.     During the last week of February 2023, Plaintiff Motyka gave Defendants her two-weeks' notice.

90.     The day after giving her notice, Defendants' manager, David Gurwicz, called Plaintiff Motyka to tell her that she would not be needed for the remainder of her notice.

91.     At all relevant times, Plaintiffs' regular scheduled shifts lasted between five (5) and nine (9) hours, and it was not uncommon for Plaintiffs' workday to last more than ten (10) hours. This is confirmed by documents generated by Defendants' computer systems stating the start of Plaintiffs' workday and the end of Plaintiffs' workday.

92.     At all times relevant, Defendants failed to pay Plaintiffs spread of hours wages when their workday was more than ten (10) hours.  For example, on December 13, 2023, Plaintiff Nadeau worked a double shift where his workday began before 11am and ended after 12am the following morning.  This is confirmed by documents generated by Defendants' computer systems stating the start of Plaintiffs' workday and the end of Plaintiffs' workday. Plaintiff Nadeau's corresponding paystub demonstrates that Defendants failed to compensate Plaintiff Nadeau with spread of hours wages.

93.     Plaintiffs were usually not permitted to take a break during their shifts. For example, in the fall of 2022, Plaintiff Loshaj was disciplined by Defendants' managers David Gurwicz and Erica for taking a break.

**COUNT 1**
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**
**(Against all Defendants)**

94.    The Named Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

95.    Pursuant to the applicable provisions of the FLSA, Plaintiffs were entitled to the statutory minimum hourly wage for the hours they worked.

96.    Defendants knowingly failed to pay Plaintiffs the statutory minimum wage for all of the hours they worked.

97.    As a result of Defendants' violations of the law and failure to pay Plaintiffs the required minimum wage, Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

98.    As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

99.    Throughout the statute of limitations period covered by these claims, Plaintiffs regularly did not receive minimum wages for all of the hours they worked.

100.    At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs the minimum wage for all the hours they worked and willfully failed to keep records required by the FLSA and relevant regulations.

101.    Defendants' unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), therefore a three-year statute of limitations applies.

102.    Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**COUNT 2**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*)**
**(Against All Defendants)**

103.    The Named Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

104.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater.

105.    Throughout the statute of limitations period covered by these claims, Plaintiffs worked more than forty (40) hours in a single workweek.

106.    At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs at one and one-half times their hourly wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though Plaintiffs were entitled to overtime.

107.    Defendants' unlawful conduct was willful within the meaning of the FLSA, 29 U.S.C. § 255(a), therefore a three-year statute of limitations applies.

108.    Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### COUNT 3
### Violation of the NYLL
**(New York Minimum Wage Violations, NYLL §§ 650 *et seq.*)**
**Against All Defendants**

109.    The Named Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

110.    At all relevant times, Plaintiffs were employees of Defendants within the meaning of the New York Labor Law.

111.    Defendants were joint employers of Plaintiffs within the meaning of the NYLL.

112.    The wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

113.    Defendants failed to pay Plaintiffs the minimum wages to which they were and are entitled under the NYLL.

114.    By Defendants' failure to pay Plaintiffs minimum wages for all hours worked, they have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

115.    Defendants knew that the nonpayment of wages would financially injure Plaintiffs.

116.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, liquidated (double) damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## COUNT 4
## Violation of the NYLL
**(New York Overtime Violations, NYLL §§ 650 *et seq.*)**
**(N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4, 137-1.3)**
**Against All Defendants**

117.    The Named Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

118.    At all relevant times, Plaintiffs were employees of Defendants within the meaning of the New York Labor Law.

119.    Defendants were joint employers of Plaintiffs within the meaning of the NYLL.

120.    The wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

121.    Defendants failed to pay Plaintiffs the wages, including overtime premiums, to which they were and are entitled under the NYLL.

122.    By Defendants' failure to pay Plaintiffs all wages for all hours worked, they have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

123.    Defendants knew that the nonpayment of wages would financially injure the Plaintiffs.

124.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, liquidated (double) damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**COUNT 5**
**Violation of the NYLL**
**(New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)**
**(Failure to Provide Time of Hire Wage Notices)**
**Against All Defendants**

125.    The Named Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

126.    Upon information and belief, Defendants have willfully failed to furnish the Named Plaintiffs and the Rule 23 Class Members with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of each employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

127.    Through their knowing or intentional failure to provide Named Plaintiffs and the Rule 23 Class Members with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

128.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Named Plaintiffs and the Rule 23 Class Members are entitled to statutory penalties of fifty dollars ($50.00)

for each workday that Defendants failed to provide Plaintiffs with proper annual wage notices, or a total of five thousand dollars ($5,000.00) each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**COUNT 6**
**Violation of the NYLL**
**(New York Notice and Recordkeeping Violations, NYLL §§ 195, 198)**
**(Failure to Provide Adequate Wage Statements)**
**Against All Defendants**

129.    The Named Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

130.    Defendants have willfully failed to furnish Named Plaintiffs and the Rule 23 Class Members with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

131.    Through their knowing or intentional failure to provide the Named Plaintiffs and the Rule 23 Class Members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

132.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Named Plaintiffs and the Rule 23 Class Members are entitled to statutory penalties of two hundred fifty dollars ($250.00) for each workday that Defendants failed to provide Plaintiffs with proper wage

statements, or a total of five thousand dollars ($5,000.00) each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**COUNT 7**
**Violation of the NYLL**
**(New York Spread of Hours Violations, NYLL §§ 650 *et seq*.)**
**Against All Defendants**

133.    The Named Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

134.    Defendants have willfully failed to pay the Named Plaintiffs and the Members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – has been greater than ten (10) hours.

135.    Through their knowing or intentional failure to pay the Named Plaintiffs and the Members of the Rule 23 Class spread of hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

136.    Due to Defendants' violations of the NYLL, the Named Plaintiff and the Members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread of hours wages, liquidated (double) damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.    That, at the earliest possible time, the Named Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all employees who are presently working at, or who have worked at any time during the six (6) years immediately preceding the

filing of this suit, up through and including the date of this Court's issuance of court-supervised notice. Such notice shall inform the Defendants' servers, bartenders, food runners, and bussers that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C.      Designation of the Named Plaintiffs as representatives of the Rule 23 Class;

D.      Designation of undersigned counsel as Class Counsel;

E.      Payment of a service award to the Named Plaintiffs in recognition of the services they have rendered and will continue to render to the FLSA Collective and Rule 23 Class;

F.      Issuance of a declaratory judgement that the practices complained of in this Collective and Class Action Complaint are unlawful under the NYLL, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

G.      An award of damages, according to proof, inclusive of lost wages, overtime, liquidated damages under the FLSA, and treble damages under the NYLL, to be paid by Defendants;

H.      Statutory penalties of fifty dollars ($50.00) for each workday that Defendants failed to provide Named Plaintiffs and the Members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars ($5,000.00) for each Class Member, as provided for by NYLL, Article 6 § 198;

I.      Statutory penalties of two hundred fifty dollars ($250.00) for each workday that Defendants failed to provide Named Plaintiffs and the Members of the Rule 23 Class with proper

wage statements, or a total of five thousand dollars ($5,000.00) each, as provided for by NYLL, Article 6 § 198;

J.      Penalties available under applicable laws, inclusive of civil penalties under New York Law;

K.      Pre-judgment and post-judgment interest, as provided by law;

L.      Costs of action incurred herein, including expert fees;

M.      Reasonable Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, the NYLL, and other applicable statutes;

N.      Such other and further legal and equitable relief as this Court deems necessary just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Dated: New York, NY
September 3, 2024

Respectfully submitted,

**THE LAW OFFICES OF**
**THOMAS H. ANDRYKOVITZ, P.C.**

By: /s/ Thomas Andrykovitz
    Thomas H. Andrykovitz, Esq.
    260 Madison Avenue, 15th Floor
    New York, NY  10017
    T: 212-983-8999
    *Attorneys for the Named Plaintiffs,*
    *the Proposed Collective, and*
    *the Proposed Class*